UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDRA K. MURRAY,

        **Plaintiff,**

        v.                                   Case No. 07-C-833

WILCOX TRAVEL AGENCY,

        **Defendant.**

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

On September 14, 2007, Sandra K. Murray ("Murray") filed a pro se complaint against the defendant. Accompanying the plaintiff's complaint was a motion for leave to proceed in forma pauperis and a motion for the appointment of counsel.

Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that Murray is unable to pay the $350.00 filing fee and that her case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In her petition to proceed in forma pauperis, Murray alleges sufficient liabilities and income to satisfy the court that he is indigent. Thus, the court will turn to the merits of Murray's claims against the defendants.

Based upon the statements in Murray's complaint, it appears that her claim relates to a trip she took to the Middle East that was coordinated by the defendant travel agency. When the group attempted to cross the border and enter Jordan, Murray was turned back because she did not have her passport with her. Therefore, she was unable to take part in the trip to Jordan and thus spent the time, alone, back at a hotel. The defendant denied Murray a refund of the $499.00 she paid for the trip to Jordan. Murray argues that she is entitled to a refund of this amount because the tour guide did not tell her that she needed to bring her passport with her.

The types of claims that a party may bring in federal court are limited. The court is unaware of any federal law that specifically gives a federal court the authority to hear based upon the facts presented in Murray's complaint. Absent a specific law that provides a federal court the ability to hear a case, the other common way that a federal court may hear a case is based upon the diversity of the parties. See 28 U.S.C. § 1332. There are two requirements that must be present for a court to hear a case based upon the diversity of the parties. First, the parties must be residents of different states. 28 U.S.C. § 1332(a)(1). That element is met in the present case. Murray is a resident of Wisconsin and the defendant is a resident of North Carolina. (See Compl. 2.) The second element for a federal court to have jurisdiction based upon the diversity of the parties is that the amount in controversy must be at least $75,000. 28 U.S.C. § 1332(a). In her complaint, the only specific amount of damages she requests is $499.00 for a full refund of the trip she could not complete. She

2

also appears to request compensation for "punitive damage," "inconvenience" and "mental stress." Although Murray does not indicate a dollar value that she seeks in compensation for these alleged injuries, the court is unable to conclude that there is any reasonable basis to support a demand $74,501 for these alleged damages in order to meet the $75,000 threshold to give this court the authority to hear Murray's claim. Therefore, because this court is without the authority to hear Murray's claim, if Murray has a claim, it must be brought only in state court.

Therefore the court shall deny Murray's motion to proceed in forma pauperis and order that her case be dismissed. Thus, Murray's motion to for the appointment of counsel is moot and shall be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to proceed in forma pauperis is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's complaint is **dismissed**.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel is **denied as moot**.

Dated at Milwaukee, Wisconsin this 25 day of September, 2007.

/s
LYNN ADELMAN
U.S. District Judge